| MURRAY, J.,
dissenting in part.
I agree with the trial court’s determination that the emotional and academic needs of these children are best served by designating one home as the primary residence. I find, however, that the court abused its discretion by limiting Mr. Constance’s time with his children to alternating weekends and holidays, and four weeks in the summer.
The trial court found that the schedule for shared physical custody proposed by Ms. Patru would be erratic and hectic. In fact, Ms. Patru, the court-appointed expert in clinical social work, testified that the totally unstructured, “flexible” arrangement that had existed was not in the children’s best interest. However, because both parents had been extremely attentive and cared for the children equally, she found that the girls had come to trust that their world was a safe one. Ms. Patru’s recommendation that these parents equally share physical custody of their children was made in order to preserve this trust while eliminating the lack of structure that was having a negative impact on the children and was not in their best interest.
The trial court seems to have discounted Ms. Patru’s recommendation because of its conclusion that this recommendation was based on the expert’s belief that a shared custody arrangement would eliminate the need for child support. I feel that this is a misinterpretation of Ms. Patru’s testimony. Ms. Patru appears to Lhave been under the impression, albeit incorrect, that child support could flow either way if parents were designated “co-domiciliary,” but that if one parent was designated “primary domiciliary parent,” then the other parent had to pay child support. She explained that this would eliminate one point of friction between these parents. She testified, however, that her recommendation would not change even were her understanding of the child support guidelines erroneous.
My reading of the record as a whole does not support the trial court’s complete deviation from Ms. Patru’s recommendation for sharing physical custody of these children in a manner that severely reduces the amount of time they spend with their father. For this reason, I dissent from the portion of the opinion that affirms the court’s formulation of a plan of custody that would allow for more equal sharing of time with the children.